**UNITED STATES of America,**
Appellee,

v.

**Harold GROSS, also known as Harry Gross, Appellant.**

**No. 179, Docket 26488.**

United States Court of Appeals
Second Circuit.

Argued Jan. 6, 1961.

Decided Jan. 31, 1961.

Joseph J. Balliro, Boston, Mass., P. D. Maktos, Chicago, Ill., Robert A. Freeman, and Gaynor, Mosher, Freeman & Pisani, New Rochelle, N. Y., of counsel, for appellant.

S. Hazard Gillespie, Jr., U. S. Atty. for Southern District of New York, New York City (John A. Guzzetta, Asst. U. S. Atty., New York City, of counsel), for United States.

Before MAGRUDER, WATERMAN and FRIENDLY, Circuit Judges.

PER CURIAM.

This appeal is from a judgment of conviction upon the retrial directed in United States v. Gross, 2 Cir., 1960, 276 F.2d 816, certiorari denied on defendant's petition relating to venue, 1960, 363 U.S. 831, 80 S.Ct. 1602, 4 L.Ed.2d 1525. This time Gross was convicted only on Counts II and III, relating to understatement of net income and of tax in the returns for 1954 and 1955. These were the years as to which the government offered evidence of payments of $2,500 to Gross for assisting his employer, Neo-Gravure Printing Co., in bargaining negotiations with Local 1730, ILA, the representative of Neo-Gravure's platform workers, in addition to the $4,000 payments for preventing work stoppages feared if truck drivers of the New York Journal American attempted to make pick-ups of the American Weekly at Neo-Gravure's loading platform. He was acquitted on Counts I, IV, V and VI, relating to years for which only the $4,000 payments were claimed. Appellant again presses his objection to venue in the Southern District of New York; as to this we adhere to the view stated in our previous opinion, for we do not find that Travis v. United States, 1961, 81 S.Ct. 358, leads to a contrary conclusion.

The government's evidence at the second trial paralleled that at the first; but whereas at the former Gross had taken the stand and denied receipt of the payments, he did not testify when retried, although his counsel had stated in opening that "We intend to introduce evidence that he never received moneys that the Government, through its proof, is going to attempt to prove to you that he did receive." Attempts were made, both by cross-examination of the government's witness Chenicek and by the testimony of Fontana, business manager of

the American Weekly, to present the alternative defense that the six annual instalments of $4,000 were paid over by defendant to the platform workers, Gross being merely a conduit. Nothing similar was developed in regard to the two $2,500 payments in 1954 and 1955.

The judge instructed the jury that "the Government need not establish that the alleged unreported income of the defendant and the taxes due thereon coincide precisely with the amount stated in the indictment" and that "It is necessary only that it be established to your satisfaction beyond a reasonable doubt that a substantial amount of the tax alleged to be due was in fact due." He also charged:

"If you find that the defendant received the sums alleged in the indictment and retained a substantial portion for his own account, which he wilfully failed to report, he then may be found guilty of the crime charged notwithstanding he may have passed on to others a portion of the moneys received."

After deliberating for some hours, the jury returned to ask whether "Regarding Counts 2 and 3 (1954–1955) can a verdict be rendered separating the alleged $4000 and $2500 payments contained in each count?"; the judge repeated his instructions with regard to substantial amount. Still later the jury asked, "Can you give us a legal interpretation of what constitutes a substantial amount with regard to Counts 2 and 3?" Defendant's counsel requested that this be answered in the negative. Instead, the court instructed that "substantial amount * * cannot be defined in absolute terms" but "depends upon the facts and circumstances in each case" and that the jury must determine in that light whether "such understatements, if any, as you may find to have been made, if any, with respect to the years covered in Counts 2 and 3, constitute substantial amounts of understatements." The jury then found defendant guilty on Counts II and III and not guilty on Counts I, IV, V and VI.

We find no error in Judge Bicks' instructions. The two $2,500 payments were substantial enough in relation to Gross' total income to negate any possibility of omission through neglect or oversight, United States v. Nunan, 2 Cir., 1956, 236 F.2d 576, 585, certiorari denied 1957, 353 U.S. 912, 77 S.Ct. 661, 1 L.Ed.2d 665; hence defendant cannot successfully complain because the judge left the question of substantiality to the jury as he did. Neither do we find error in the court's refusal to give certain instructions sought by the defense. One of these, submitted in writing pursuant to F.R.Crim.Proc. 30, 18 U.S.C.A., was:

"If you find that the defendant received the money, but that the defendant did not retain the money for his own use, then the money received did not constitute income to the defendant, and you must find the defendant not guilty."

It was right to refuse this since there was no evidence even suggesting that defendant had not retained the two $2,500 payments if he had received them. Defense counsel then asked orally that the court charge

" * * * that if the jurors find that he received the money, that he did not retain the money for his own use and it was paid to someone else, that the charge be confined to the $4000 payments and not the $2500 payments."

Even though we assume the judge understood what this meant, and although he could properly have instructed that amounts which defendant received but passed on to others would not warrant conviction for understatement of net income and tax, it was not error for him to fail to do this in the light of the charge actually given, Elwert v. United States, 9 Cir., 1956, 231 F.2d 928. Moreover, the verdict affords the clearest proof that no prejudice occurred, F.R.Crim.Proc. 52 (a).

We have reviewed all the other claims of error; no discussion of any of them is required, save to reject the attack on the

United States Attorney, whose conduct, after defense counsel had elicited an answer damaging to defendant by a broad question to a government witness, appears to us unexceptionable.

Affirmed.